UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SUREN CHAGANTI, MD, and SPOUSE AS JOINT TAXPAYERS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:14-CV-1450 (CEJ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for lack of service of process pursuant to Fed. R. Civ. P. 12(b)(5). Plaintiffs have filed a response in opposition that includes a request for leave to amend the complaint.

### I. Background

On August 20, 2014, Suren Chaganti and his spouse brought this action against the Commissioner of Internal Revenue as joint taxpayers, claiming that the Internal Revenue Service (IRS) failed to issue a refund owed to them for tax year 2010. The United States filed the instant motion for dismissal, asserting lack of subject matter jurisdiction because of mootness and the plaintiffs' failure to exhaust administrative remedies, as well as a lack of service of process on the requisite governmental agents.

### II. Legal Standards

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge either the factual truthfulness or the facial sufficiency of the plaintiff's jurisdictional allegations. Titus

1

v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Osborn, 918 F.2d at 729 n.6. (internal citations omitted). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Id. at 730 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a motion to dismiss on grounds of insufficiency of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint. 2 James Wm. Moore et al., Moore's Federal Practice § 12.33[4] (3d ed.2010). Rule 4(m) of the Federal Rules of Civil Procedure provides that if the summons and complaint are not served upon a defendant within 120 days after the filing of the complaint, the Court "must dismiss the action without prejudice . . . or order that service be made within a specified time." "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

### III. Discussion

The government first argues that the complaint is subject to dismissal because the plaintiff's claim is moot. The government asserts that the relief sought by plaintiffs—the income tax refund for tax year 2010—has been issued by the IRS. "Mootness . . . acts as a jurisdictional bar," since Article III of the Constitution limits

2

federal courts' judicial power to cases and controversies.  Ark. AFL-CIO v. F.C.C., 11 F.3d 1430, 1435 (8th Cir. 1993).  "The controversy must be one for which the court can grant specific and conclusive relief."  Id.

According to the plaintiffs' income tax return for tax year 2010, filed on or about May 5, 2011, plaintiffs requested an income tax refund of $25,800.  United States' Mot. to Dismiss, Ex. 2 [Doc. #4-2].  According to the plaintiffs' tax account transcript for tax year 2010, the IRS issued the requested refund in that exact amount to plaintiffs on or about June 13, 2011.  Id. at Ex. 1 [Doc. #4-1].  Plaintiffs admit to filing their income tax return initially on May 2011, but allege that this filing was rejected by the IRS as incomplete.  Plaintiffs assert they filed a different return in September 2011 that was accepted by the IRS, but the refund requested in that filing was not issued.  Plaintiffs did not attach a copy of the purported second filing to their response to the instant motion.[1]  Because this is a factual attack on jurisdiction, "no presumptive truthfulness attaches to the plaintiff[s'] allegations," and plaintiffs have the burden to prove that jurisdiction in fact exists.  Osborn, 918 F.2d at 730 (quoting Mortensen, 549 F.2d at 891).  Plaintiffs' bald assertions do not satisfy this burden.

In addition, the government argues that subject matter jurisdiction is lacking because plaintiffs did not first exhaust their administrative remedies by filing a timely claim for refund with the IRS.  A taxpayer suing the United States for a refund of federal taxes under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422 must first meet certain requirements.  First, the taxpayer must pay the tax in full before

---

[1] In their opposition to the instant motion, plaintiffs attached only a copy of a pleading before the United States Tax Court with the associated notice of deficiency from the IRS pertaining to tax years 2007 and 2008.  [Doc. #5-1]. These years and documents are irrelevant to the plaintiffs' claim for a refund for tax year 2010.

3

filing suit.  Flora v. United States, 357 U.S. 63 (1958).  Second, the taxpayer must timely file an administrative claim for a refund with the IRS.  26 U.S.C. § 7422(a).  A properly executed income tax return constitutes a claim for a refund of an overpayment of a tax.  28 C.F.R. § 301-6402.3(a)(5).  A claim for refund is timely if filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later."  26 U.S.C. § 6511(a).  Third, the taxpayer must wait six months or until the IRS denies the claim, whichever is earlier, before filing a refund action in district court.  26 U.S.C. § 6532(a)(1).  Fulfillment of these requirements is essential to establish the district court's subject matter jurisdiction.

As noted above, the government has provided documentation demonstrating that plaintiffs filed their income tax return for tax year 2010 in May 2011, and received their refund in June 2011.  Plaintiffs have not provided any proof of any additional filed claim for a refund for tax year 2010, beyond their conclusory allegations.  Therefore, plaintiffs fail to meet the requisite jurisdictional conditions under § 7422(a).

Also, plaintiffs' claim for a refund for tax year 2010 is untimely under § 6511(a).  Plaintiffs filed their 2010 tax return on or about May 5, 2011, and their tax for 2010 was deemed paid on April 15, 2011.[2]  The deadline for plaintiffs to file a claim for a refund for tax year 2010 thus expired on or about May 5, 2014.  Plaintiffs argue that the statute of limitations was expressly extended at the request of the Commissioner and agreed to by both parties.  However, plaintiffs did not

---

[2] "Any tax actually deducted and withheld at the source during any calendar year . . . shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year . . . ."  26 U.S.C. § 6513(b)(1).

4

attach or provide any documentation reflecting this purported agreement. The government states that it has no record of such an agreement for extension, and any notation of the alleged agreement is conspicuously absent on the plaintiffs' tax account transcript for tax year 2010. 26 U.S.C. § 6532(a) (stating the time limit prescribed in § 7422(a) may be extended upon an agreement *in writing* between the taxpayer and the Secretary of Treasury). Furthermore, even if the statutory time limit under § 6511 had been extended, plaintiffs would still need to have actually filed the claim for refund as required by § 7422(a) within the extended time limit; they have not shown or alleged they took this requisite action. Therefore, plaintiffs' claim also fails as untimely and hereafter statutorily barred.

The United States has not otherwise waived its sovereign immunity. United States v. Dalm, 494 U.S. 496, 608 (1990) ("Under settled principles of sovereign immunity, 'the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'") (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). As such, plaintiffs have failed to meet their burden under Rule 12(b)(1) in response to the government's factual challenge to jurisdiction. Because subject matter jurisdiction is lacking, the Court need not consider the sufficiency of plaintiffs' service of process, or lack thereof, on defendant. Additionally, plaintiffs have not demonstrated that an amendment of the complaint would cure the jurisdictional defect. Therefore, their request to amend is denied.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) [Doc. #3] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2014.